UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN M.S.,

                               Plaintiff,                    5:24-cv-334 (BKS/MJK)

v.

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

**Appearances:**

*For Plaintiff*:
Justin M. Goldstein
Melissa Kubiak
Hiller Comerford Injury & Disability Law
6000 North Bailey Avenue, Suite 1a
Amherst, NY 14226

*For Defendant*:
Office of the General Counsel
Social Security Administration
Jason P. Peck
Special Assistant United States Attorney
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff filed this action under 42 U.S.C. § 405(g) seeking review of the Commissioner of Social Security's denial of his application for supplemental security income benefits. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Mitchell J. Katz for a Report-Recommendation. (Dkt. No. 4); Local Rule 72.3(e). On June 13, 2025, after reviewing the

parties' briefs, (Dkt. Nos. 12, 15, 16), and the Administrative Transcript,[1] (Dkt. No. 8), Magistrate Judge Katz issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be granted on two, alternative, grounds. Magistrate Judge Katz first found that in light of the evidence showing that Plaintiff used a cane, the Administrative Law Judge was required to either evaluate whether Plaintiff's use of a cane was medically necessary, or incorporate Plaintiff's use of a cane into the residual functional capacity determination. Finding that the ALJ did neither, Magistrate Judge Katz concluded remand was required. (Dkt. No. 17, at 9–16). Magistrate Judge Katz then provided a second, alternative, ground for remand "[i]f the District Court disagrees with this Court's assessment of the first issue." (*Id.* at 16). Specifically, Magistrate Judge Katz found that the ALJ's "fashion[ing]" of a "highly-specific-change-in-position limitation" as part of Plaintiff's RFC, without explanation, precluded meaningful judicial review and necessitated remand. (*Id.* at 16–22 (referring to the ALJ's finding that Plaintiff required "'a brief 2–3 minute change-in-position' . . . 'after standing or walking for 30 minutes'" (quoting T. 39)). Magistrate Judge Katz advised the parties that under 28 U.S.C. § 636(b)(1), they had "14 days within which to file written objections" to the Report-Recommendation and that "failure to object to th[e] report within 14 days will preclude appellate review." (Dkt. No. 17, at 22 (citing *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a)). No objections were filed.

      The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear

---

[1] The Administrative Transcript is cited herein as ("T.").

error. *Id.* Neither of the parties has raised any objection to Magistrate Judge Hummel's Report-Recommendation. The Court therefore reviews the Report-Recommendation for clear error.

Although the Court has reviewed for clear error and finds none in Magistrate Judge Katz's conclusion that remand is required on both grounds, the Court rejects the Report-Recommendation to the extent it recommends a finding that the evidence in the record "prov[es] the cane is a medical necessity." (Dkt. No. 17, at 15). Whether the cane is a medical necessity is a determination that the ALJ herself must make in the first instance. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record.").

For these reasons, it is hereby

**ORDERED** that, with the exception noted above, the Report-Recommendation (Dkt. No. 17) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that the Commissioner's decision is **REVERSED AND REMANDED**.

**IT IS SO ORDERED.**

Dated: August 1, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

3